IN THE UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF TEXAS

EL PASO DIVISION

| | | |
|---|---|---|
| ZULEMA ORTIZ, | § § § § | |
| Plaintiff, | | |
| v. | § § § | Cause No. _____ |
| JESUS ANTONIO ARMENDARIZ, ARMANDO AGUILAR and RGX TRANSPORTE DE CARGA INTERNACIONAL SA DE CV, | § § § § § § | |
| Defendants. | § | |

## DEFENDANT'S NOTICE OF REMOVAL

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

**COMES NOW** JESUS ANTONIO ARMENDARIZ, a Defendant in the above-entitled and captioned cause, and submits his Notice of Removal, and for jurisdiction respectfully shows the following:

1. This party was named as a Defendant in the case styled *Zulema Ortiz v. Jesus Antonio Armendariz, Armando Aguilar and RGX Transporte de Carga Internacional SA de CV;* Cause No. 2020-DCV1055, pending in the County Court At Law Number Six of El Paso County, Texas (hereinafter "The State Court Action"). A true and correct copy of the docket sheet from the State Court action is attached as Exhibit A. Pursuant to 28 U.S.C § 1446(a) a true and correct copy of all process, pleadings and orders in The State Court Action are being filed with this Notice, and are attached as Exhibit B.

2. The State Court Action arises out of truck/auto accident that occurred in El Paso County, Texas on or about November 14, 2018. Plaintiff alleges that Defendant Jesus Antonio

Armendariz ("Defendant Armendariz") is a resident of El Paso County, Texas, which is incorrect. At the time The State Court Action was commenced, Defendant Armendariz was, always has been, and currently still is a citizen of the Republic of Mexico with his principal and permanent residence located in Cuidad Juarez, Mexico. Plaintiff alleges that Defendant RGX Transporte De Carga Internacional S.A. de C.V. ("Defendant RGX") is a Texas Corporation located in El Paso County, Texas, which is incorrect. At the time the State Court action was commenced, Defendant RGX was, always has been, and currently still is a foreign corporation organized and existing under the laws of the Republic of Mexico, with its principal place of business in Ciudad Juarez, Mexico. As such, Defendant RGX was, and still is deemed to be a citizen of the Republic of Mexico. Plaintiff further alleges that Defendant Armando Aguilar is a resident of El Paso County, Texas, which is incorrect. Defendant Aguilar is, and has always been, a citizen of the Republic of Mexico, but has not been served as of the time The State Court Action is removed. Accordingly, his consent to removal is not necessary. 28 U.S.C. § 1446(b)(2) (requiring consent by defendants who have been "properly joined *and served*") (emphasis added).

3.    Plaintiff is alleged to be a resident of El Paso, Texas, and upon information and belief, is a citizen of the State of Texas.

4.    The State Court Action commenced on March 20, 2020 with the filing of Plaintiff's Original Petition. Service of Plaintiff's Original Petition on Defendant RGX was effected by serving Defendants' statutory agent, the Secretary of State, by certified mail on May 30, 2020. The deadline for Defendant RGX to remove has expired. The removal period is not triggered until a defendant receives actual service; the removal period does not begin when the statutory agent receives process. *McCrary v. Kansas City S. Ry. Co.*, 121 F. Supp. 2d 566, 570 (E.D. Tex. June 15, 2000); *Monterey Mushrooms, Inc. v. Hall*, 14 F. Supp. 2d 988, 991 (S.D. Tex. 1999).

However, Defendant Armendariz has never been served with process at the time of filing this Notice. Rather, Defendant Armendariz answered The State Court Action on July 15, 2020, which is the operative date for removal purposes as to Defendant Armendariz.

4. Plaintiff's Original Petition seeks "monetary relief over $200,000.00 but less than $1,000,000.00." In addition, the petition asserts that the Plaintiff suffered injuries, including physical pain and suffering, mental anguish, emotional distress and impairment, in the past, and continuing into the future. Plaintiff also seeks punitive damages.

5. The sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy. 28 U.S.C. §1446(c)(2). However, if the state's practice does not permit demand for a specific sum, or permits the recovery of damages in excess of the amount demanded, then a Notice of Removal may assert the amount in controversy. *Id.* §1446(c)(2)(A)(ii). In addition, Texas District Courts have adopted a "facially apparent" standard to determine whether a case is removable when the initial pleading does not specify the amount in controversy, or in some cases even when it affirmatively specifies an amount *below* the federal jurisdictional limit. *See Salomon v. Wells Fargo Bank, N.A.*, 2010 WL 2545593 at *3-7 (W.D. Tex., June 21, 2010); *Gutierrez v. Swift Transportation Co., Inc.*, 2011 WL 318294 at *2-4 (W.D. Tex. January 8, 2011). A defendant may show that the amount in controversy exceeds the federal limit by either (1) demonstrating that it is "facially apparent" from a petition that the claim likely exceeds $75,000.00, or (2) by setting forth the facts, preferably in the removal petition, that support a finding of the requisite amount. *Gutierrez* 2011 WL 318924 at *2; *see also Grant v. Chevron Philips Chem. Co.*, 309 F.3d 864, 868 (5th Cir. 2002). When a complaint fails to specify the numerical value of damages, the court examines the nature of the injuries and damages alleged. *See Carmardelli v. Wal-Mart Stores, Inc.*, 545 F. Supp. 2d, 595 (W.D. Tex. 2008). Although decided in the context of an employment discrimination claim, the Fifth Circuit has held that an

extensive list of damages, even without numerical specification, can meet the threshold for "facially apparent," which appears to be the rule followed by the Western District. *White v. FCI USA, Inc.*, 319 F.3d, 672, 674-76 (5th Cir. 2003); *Salomon,* 2010 WL 2545593 at *5; *Gutierrez,* 2011 WL 318294 at *4-5. That being said, a Plaintiff must make all information known at the time he files his complaint, and if it is facially apparent from the pleading that the requisite amount in controversy exists, then no post-removal affidavits, stipulations or amendments will deprive the District Court of jurisdiction. *Gutierrez,* 2011 WL 318294 at *5. In this case, Plaintiff has asserted an extensive list of damages, both in the past and continuing in the future. Plaintiff has pleaded the case as being worth more than $200,000.00. As such, based on the amount of damages and injuries alleged, and the extensive complaints set forth in Plaintiff's Original Petition, it appears to be facially apparent that the amount in controversy is in excess of $75,000.00.

6. This Honorable Court has original jurisdiction over this case pursuant to 28 U.S.C. §1332(a)(1), since there is complete diversity of citizenship between the parties, and assuming that Plaintiff demanded the sum in his Original Petition in good faith, then at least $200,000.00 should be deemed to be the amount in controversy pursuant to 28 U.S.C. § 1446(c)(2).

7. This Notice is timely filed pursuant to 28 U.S.C. §1446 (b), since it was filed within thirty (30) days of the receipt by Defendant Armendariz of Plaintiff's Original Petition from which it could first be ascertained that the case was removable, and less than one (1) year after commencement of The State Court Action. The deadline for removal is not calculated from the date of service on Defendant's statutory agent, but instead from the date of the Defendant's actual receipt of the petition, which was on the date of his answer. *Renaissance Marketing, Inc. v. Monitronics Int'l, Inc.,* 606 F. Supp. 2d 201, 206-07 (D. Puerto Rico, 2009), *Barrackman v.*

*Banister,* 2007 WL 189378 at *1-2 (S.D. Tex. 2007), *Lilly v. CSX Transp., Inc.*, 186 F. Supp 2d 672, 673 (S.D. W.Va 2002).

8. Venue of this removed action is proper in this Honorable Court pursuant to 28 U.S.C. §1441(a) as the District and Division where The State Court Action is pending.

9. Pursuant to 28 U.S.C. §1446(d), Defendant will promptly give all parties written notification of the filing of this Notice, and will also promptly file a copy with the District Clerk of El Paso County, Texas where The State Court Action is currently pending.

**WHEREFORE, PREMISES CONSIDERED,** Defendant respectfully prays that pursuant to the above-referenced authorities that The State Court Action be removed, that this Honorable Court exercise its original jurisdiction over The State Court Action, and that Defendant be granted such other and further relief, general or special, legal or equitable, to which Defendant may be justly entitled.

Respectfully submitted,

**MOUNCE, GREEN, MYERS SAFI, PAXSON & GALATZAN, P.C.**
P.O. Drawer 1977
El Paso, Texas 79999-1977
Phone: (915) 532-2000
Fax: (915) 541-1597
E-Mail: vereen@mgmsg.com
E-Mail: hutterer@mgmsg.com

By:_____
**Darryl S. Vereen**
State Bar No. 00785148
**Frederick C. Hutterer III**
State Bar No. 24100492

Attorneys for Defendant

**CERTIFICATE OF SERVICE**

0013463/00187/DVER/1529711

I, **Frederick C. Hutterer III**, hereby certify that on this 24th day of July, 2020, I served a copy of the foregoing with the Clerk of the Court using the CM/ECF system which will automatically send e-mail notice of such filing to the following attorneys of record: Victor J. Bieganowski, Esq., vbieganowski@vjblaw.net, 801 Myrtle Avenue, Suite 100, El Paso, Texas 79901.

**Frederick C. Hutterer, III**